People v U.S. Specialty Ins. Co. Inc./AAA Bail Bonds (2020 NY Slip Op 03088)





People v U.S. Specialty Ins. Co. Inc./AAA Bail Bonds


2020 NY Slip Op 03088


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Renwick, J.P., Richter, Manzanet-Daniels, Singh, Moulton, JJ.


11583 3603/18 4342/18 153000/19

[*1]The People of the State of New York, Respondent,
v
U.S. Specialty Insurance Co. Inc./AAA Bail Bonds, Surety-Appellant, Moses Olanibi, Defendant.


Law Office of Evans D. Prieston, P.C., Long Island City (Evans D. Prieston of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Robin A. McCabe of counsel), for respondent.



Order, Supreme Court, New York County (Ellen Biben, J.), entered on or about June 24, 2019, which denied the motion of Surety U.S. Specialty Insurance Co. Inc./AAA Bail Bonds for remission of a bail forfeiture in the amount of $250,000, unanimously affirmed, without costs.
The court providently exercised its discretion in denying Surety's motion for remission of forfeited bail. The record shows that defendant failed to "render himself amenable to the orders . . . of the criminal court" in which bail was posted (CPL 540.10[1]) when he assaulted the victim in violation of an order of protection issued by the court, causing "prejudice to the People" (People v Peerless Ins. Co. , 21 AD2d 609, 613 [1st Dept 1964]) by potentially deterring the victim from testifying in the underlying case (see e.g. People v Torres , 112 Misc 2d 145, 153 [Sup Ct, NY County 1981]). Surety failed to establish "exceptional circumstances" warranting the relief sought (Peerless Ins. Co. , 21 AD2d at 613).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK